IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

*FILED*

*JAN 2 1 2021*

*Clerk, U.S. District Court*
*Texas Eastern*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 2:21-CR- _l_ |
| | § | Judge Gilstrap/Payne _____ |
| BRIANNA CLARISSE BANKS (01) | § | |

## **INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

At all times material to this Indictment:

### **General Allegations**

### *Electronic Filing of Federal Income Tax Returns & Payment of Refunds*

1.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States.

2.      Each year, taxpayers have the option of either mailing their federal income tax returns to the IRS or filing their tax returns electronically ("E-File").  A taxpayer can prepare and file his/her electronic return himself/herself using available software such as Turbo Tax or hire a return preparer to prepare and electronically file the tax return.

3.      To electronically file tax returns with the IRS, a return preparer must complete an application process to become an authorized electronic filer of income tax returns.  The requesting party must complete and submit Form 8633, Application to Participate in the IRS E-File Program.  Upon IRS approval of the application, the

requestor becomes an Electronic Return Originator (ERO) and is assigned an Electronic Filing Number (EFIN), which the IRS uses to identify and monitor ERO activity.

4.      If a taxpayer is due a refund, there are multiple options for payment.  A refund check can be mailed to the taxpayer's residence, or the refund can be directed to a bank account by including bank routing and account information in the appropriate section of the tax return.

*CARES Act and Economic Impact Payments*

5.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects resulting from the COVID-19 pandemic.  The CARES Act authorized over $2 trillion in relief programs, including approximately $560 billion for benefits to individuals.  An estimated $300 billion of that total was allocated for Economic Impact Payments (EIPs).

6.      Under the CARES Act, qualifying individuals may receive up to $1,200 in EIPs per adult, up to $2,400 for married couples filing jointly, and $500 per child under 17 years old.  Individuals with income exceeding $99,000 or joint filers whose income exceeds $198,000 do not qualify for any payment.  The EIP amount is based upon a taxpayer's reported income for 2019 or the amount reported for 2018, if no return has been yet been filed for 2019.  The EIPs are available through the 2020 calendar year.

7.      For taxpayers who have filed a 2018 or 2019 return, IRS automatically sends payment as previously directed for a tax refund on the latest tax return (direct deposit or paper check).  If no refund was on the prior return, IRS will mail a check to

the last known address.  IRS will then mail a follow-up letter to the taxpayer within 15 days after payment.

8.    Taxpayers who have not yet filed for 2018 or 2019 may still receive an EIP.  These individuals need only file a return and include direct deposit banking information.

9.    Taxpayers without a filing obligation are also eligible to receive EIPs. Eligible U.S. citizens or permanent residents are those who had gross income that did not exceed $12,200 ($24,400 for married couples) for 2019 or were not otherwise required to file a federal income tax return for 2019.  Such individuals are required to provide, among other information, their full name, address, date of birth, and a valid Social Security number through the IRS's non-filer online portal.  The IRS uses the information to confirm eligibility, calculate the EIP, and deposit/mail payment.

10.    For Social Security recipients who did not file tax returns in 2018 or 2019, the IRS uses the information on Social Security Benefit Statements (Form SSA-1099) and Railroad Retirement Benefits Statements (Form RRB-1099) to generate EIPs. These individuals receive EIPs as a direct deposit or by paper check, just as they would normally receive their Social Security or Railroad Retirement benefits.

*The Defendant*

11.    **Brianna Clarisse Banks** resided in or around Avinger, Texas, in the Eastern District of Texas.

## COUNT 1

<u>Violation</u>:  18 U.S.C. § 1028(a)(7)
(Unlawful Transfer, Possession,
and Use of a Means of
Identification)

12.     The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

13.     Between on or about April 20, 2020, through on or about April 24, 2020, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, the defendant, **Brianna Clarisse Banks**, did, without lawful authority, knowingly transfer, possess, and use a means of identification of another person with the intent to commit, or to aid and abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, specifically 18 U.S.C. § 641, theft of government money, 18 U.S.C. § 1028A, aggravated identity theft, 18 U.S.C. § 1343, wire fraud, and 18 U.S.C. § 1708, theft of mail, and that constitutes a felony under applicable State or local law, specifically Tex. Penal Code § 32.51, fraudulent use or possession of identifying information, and as a result of the offense, the defendant, or any other individuals committing the offense, obtained anything of value aggregating $1,000 or more during any 1-year period.

In violation of 18 U.S.C. § 1028(a)(7).

## COUNT 2

<u>Violation</u>: 18 U.S.C. § 641
(Theft of Government Money)

14.     The General Allegations section of this indictment is realleged and incorporated by reference as though fully set forth herein.

15.     On or about the date specified below, in the Eastern District of Texas, the defendant, **Brianna Clarisse Banks**, did knowingly steal and convert to her own use and the use of others, and knowingly receive, conceal, and retain for her own use and the use of others knowing the same to have been stolen and converted, money belonging to the United States Department of the Treasury, Internal Revenue Service, a department or agency of the United States, namely an EIP issued in the name of a taxpayer and having a value of more than $1,000.

| Count | Date | Taxpayer | EIP Amount |
|-------|------|----------|------------|
| 2 | April 24, 2020 | B.S. | $1,200 |

In violation of 18 U.S.C. § 641.

## COUNT 3

<u>Violation</u>: 18 U.S.C. § 1028A
(Aggravated Identity Theft)

16.     The General Allegations section of this indictment and Paragraph 15 of Count Two are realleged and incorporated by reference as though fully set forth herein.

17.     On or about the date specified below, in the Eastern District of Texas, the defendant, **Brianna Clarisse Banks**, did, without lawful authority, knowingly transfer, possess, and use, a mean of identification of another person, that is, a taxpayer's name, Social Security number, and date of birth, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, theft of government money, a violation of 18 U.S.C. § 641, as alleged in Count Two:

| Count | Date | Taxpayer |
|-------|------|----------|
| 3 | April 24, 2020 | B.S. |

In violation of 18 U.S.C. § 1028A.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B),
1028(b)(5), and 28 U.S.C. § 2461(c)

1.      The allegations contained in Counts 1, 2, and 3 of this indictment are

realleged and incorporated by reference as though fully set forth herein for the purpose of

alleging forfeiture to the United States of America of certain property in which the

defendant has an interest.

2.      Upon conviction of any violation of 18 U.S.C. § 1028, the defendant,

**Brianna Clarisse Banks**, shall forfeit to the United States any property constituting, or

derived from, proceeds obtained directly or indirectly, as the result of the violation,

pursuant to 18 U.S.C. § 982(a)(2)(B), and any personal property used or intended to be

used to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5).

3.      Upon conviction of any violation of 18 U.S.C. § 1028, the defendant,

**Brianna Clarisse Banks**, shall forfeit to the United States any property, real or personal,

that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1028

or to a violation of any offense constituting "specified unlawful activity," or a conspiracy

to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.      Upon conviction of any violation of 18 U.S.C. § 641, the defendant,

**Brianna Clarisse Banks**, shall forfeit to the United States any property, real or personal,

that constitutes or is derived from proceeds traceable to a violation of any offense

constituting "specified unlawful activity," or a conspiracy to commit such offense,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5.      The property which is subject to forfeiture, includes but is not limited to the following:

Cash Proceeds

A sum of money equal to $1,200.00 in United States currency, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offenses alleged in this indictment, for which the defendant is personally liable.

6.      Pursuant to 21 U.S.C. § 853(p), as incorporated by reference by 18 U.S.C. § 982(b), if any of the forfeitable property, or any portion thereof, as a result of any act or omission of the defendant:

        a.  Cannot be located upon the exercise of due diligence;

        b.  Has been transferred, or sold to, or deposited with a third party;

        c.  Has been placed beyond the jurisdiction of the Court;

        d.  Has been substantially diminished in value; or

        e.  Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable properties, including, but not limited to, any identifiable property in the name of **Brianna Clarisse Banks**.

7.      By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), and 28 U.S.C. § 2461(c).

Indictment – Page 8

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(5), and 28

U.S.C. § 2461(c), and the procedures set forth at 21 U.S.C. § 853, as made applicable

through 18 U.S.C. § 982(b)(1).

A TRUE BILL

MKF
_____
GRAND JURY FOREPERSON

1/21/21
_____
Date

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

JIM NOBLE
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 2:21-CR- _1_ |
| | § | Judge Gilstrap/Payne _____ |
| BRIANNA CLARISSE BANKS (01) | § | |

## NOTICE OF PENALTY

### COUNT 1

VIOLATION:        18 U.S.C. § 1028(a)(7)
                  Unlawful Transfer, Possess, and Use of a Means of
                  Identification

PENALTY:          Imprisonment of not more than fifteen (15) years; the greater
                  of a fine not to exceed $250,000, a fine not to exceed two
                  times the gross gain to the Defendant, or a fine not to exceed
                  two times the loss to the victim, or both such imprisonment
                  and fine; and a term of supervised release of not more than
                  three (3) years.

SPECIAL ASSESSMENT: $100.00

### COUNT 2

VIOLATION:        18 U.S.C. § 641
                  Theft of Government Money

PENALTY:          Imprisonment of not more than ten (10) years; the greater of a
                  fine not to exceed $250,000, a fine not to exceed two times
                  the gross gain to the Defendant, or a fine not to exceed two
                  times the loss to the victim, or both such imprisonment and
                  fine; and a term of supervised release of not more than three
                  (3) years.

SPECIAL ASSESSMENT: $100.00

## COUNT 3

VIOLATION:           18 U.S.C. § 1028A
                     Aggravated Identity Theft

PENALTY:             Imprisonment of two (2) years and a fine of $250,000 to be
                     followed by not more than one (1) year supervised release.
                     This sentence is to run consecutively to any other sentence
                     imposed.  A person convicted of a violation of this section
                     shall not be placed on probation.

SPECIAL ASSESSMENT: $100.00