**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:21-CR-0001-JRG-RSP |
| | § | |
| BRIANNA CLARISSE BANKS | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On April 4, 2024, the undersigned held a final hearing on the Government′s petition (#42) to revoke supervised release. The Government was represented by Assistant United States Attorney Dustin Farahnak. The Defendant, Brianna Clarisse Banks, was represented by Coke Solomon.

Brianna Clarisse Banks was sentenced on September 9, 2021, before The Honorable Rodney Gilstrap of the Eastern District of Texas after pleading guilty to the offense of theft of Government Money, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of II, was 12 to 18 months. Brianna Clarisse Banks was subsequently sentenced to 12 months and 1 day of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, restrictions toward new credit charges or open additional lines of credit without the approval of the probation officer, participating in mental health treatment until successfully discharged, payment of monetary penalty that remains unpaid when supervision commences on a monthly basis at a rate of at least 10% of the defendant's gross income; restitution of $1,200.00 and a $100 special assessment. On August 9, 2022, Brianna Clarisse Banks completed her period of imprisonment and began service of the supervision term.

On December 14, 2023, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>: You must not commit another federal, state or local crime. Specifically, the Government alleges as follows: On September 19, 2023, the U.S. Probation Officer was notified that Ms. Brianna Banks was arrested on the evening of September 18, 2023, in Hopkins County, TX for the felony offense of Theft of Property <$2,500 2/More Previous Convictions. On November 30, 2023, Ms. Brianna Banks appeared before the 8th Judicial District Court in Hopkins County, TX for the felony offense of Theft of Property <$2,500 2/More Previous Convictions. Ms. Banks plead true to said offense and was subsequently sentenced to 7 months state jail division, TDCJ.

2) <u>Standard</u>: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges the following: According to the Hopkins County arrest report, Ms. Banks by her own admission indicated to traveling outside of the Eastern District of Texas and frequenting the Dallas, TX area. Ms. Banks traveled to Dallas, TX (Northern District of Texas), without receiving permission from the U.S. Probation Office.

3) <u>Standard</u>: You must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72

hours of becoming aware of a change or expected change. Specifically, the Government alleges the following: Throughout 2023, Ms. Banks has failed to work and/or maintain stable full-time employment despite the U.S. Probation Officer's repeated instruction.

  4) <u>Special</u>: The defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. Specifically, the Government alleges the following: On August 24, 2023, while reviewing Ms. Banks's credit report, the U.S. Probation Officer discovered Ms. Banks acquired an unsecured loan through the Eastman Credit Union, without first seeking permission from the U.S. Probation Office.

  5) <u>Special</u>: Any monetary penalty that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income. The percentage of gross income to be paid with respect to any restitution and/or fine is to be changed during supervision, if needed, based on your changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3), respectively. If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, without 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed. Specifically, the Government alleges the following: Since beginning her term of supervised release on August 9, 2022, Ms. Banks has failed to pay the remaining monetary penalty on a monthly basis at a rate of at least 10% of her gross income. Ms. Banks substituted payment of $25.00 on December 12, 2022, $45.00 on August 14, 2023, and $50.00 on September 5, 2023. Ms. Banks has a remaining restitution balance of $1,155.00.

The Court scheduled a revocation hearing for April 4, 2024. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #1 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of her supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months followed by twelve months supervised release with the first 180 days to be spent in a half-way house. The Court recommends service of sentence at FCI Bryan, Texas. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #1, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of her supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months followed by twelve months supervised release with the first 180 days to be spent in a half-way house. The Court recommends service of sentence at FCI Bryan, Texas.

At the close of the April 4, 2024 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence.

Defendant also waived her right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

    **SIGNED this 5th day of April, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE